### LUTHER HILL *vs.* COUNTY COMMISSIONERS OF WORCESTER.

County commissioners, who, after adjudging that a town way which the town have refused to lay out is required by the wants of the town, and giving notice that they will lay it out, lay out only a part of it, being of opinion that the remainder has been rendered unnecessary, since the adjudication, by the construction by the town of another nearly parallel town way, will not be compelled by mandamus to complete it.

PETITION for a mandamus. The petition represented that the petitioner and other inhabitants of Spencer applied to the selectmen to lay out a certain town way, and they refused so to do; whereupon the petitioners applied to the county commissioners, who, after due notice, and upon a hearing of all parties interested, adjudged that the selectmen had unreasonably refused to lay out the way, and that the wants of the town required the location of the way, as described in their adjudication; that they then gave notice that they would locate a way over that route; that they met at the time and place appointed, and located a way over a part of the route, and caused the same to be built, but, although a reasonable time had elapsed, had refused to locate or construct the remainder of the route. The prayer was that the commissioners might be ordered to lay out the remainder of the way.

The commissioners filed an answer, admitting most of the statements of the petition, but stating, as a reason why a mandamus should not issue, that the necessity of a town way over

the remainder of the route had been obviated by the laying out, acceptance and construction of a new town way completed and opened for travel by the town of Spencer since said adjudication, commencing at the end of the portion already located, and running nearly parallel with the remainder, and which furnished, in the judgment of the respondents, as many conveniences to the public travel, and as good, if not better, accommodations to the travel of the inhabitants of Spencer, as a town way located over the remainder of the route would have done, and was a good substitute therefor.

The petitioner demurred to the answer.

*G. F. Hoar*, ( *C. Allen* with him,) for the petitioner, cited Rev. Sts. *c.* 24, §§ 4, 66, 71, 72, 74, 75; *Mason* v. *Fearson*, 9 How. 259; *Minor* v. *Mechanics' Bank of Alexandria*, 1 Pet. 64; *Rex* v. *Barlow*, 2 Salk. 609; *Commonwealth* v. *Court of Sessions*, 2 Pick. 414; *Springfield* v. *Commissioners of Highways*, 4 Pick. 68; *Sanger* v. *County Commissioners*, 25 Maine, 291; *Wellington, petitioner*, 16 Pick. 106; *People* v. *Champion*, 16 Johns. 61.

*P. C. Bacon & P. E. Aldrich*, for the respondents.

BY THE COURT. This petition is addressed to the discretion of the court. The question of what the public convenience requires is peculiarly within the province of the commissioners. This court will not revise their judgment on this point, nor issue its mandamus to compel the commissioners to do an act, which, upon the facts admitted by the demurrer, the public necessity and convenience no longer require to be done.

*Demurrer to the answer overruled.*